**FOX ROTHSCHILD LLP**
**100 Park Avenue, Suite 1500**
**New York, New York 10017**
**(212) 878-7900**
**Fax: (212) 692-0940**
**Attorneys for Defendant Maquet, Inc.**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| MONTVALE SURGICAL CENTER, LLC | : |
|  | : Case No.: |
| Plaintiffs, | : |
|  | : |
| -v.- | : |
|  | : |
| HORIZON BLUE CROSS BLUE SHIELD | : **PETITION FOR REMOVAL** |
| OF NEW JERSEY and MAQUET, INC., | : |
|  | : |
| Defendants. | : |

TO:    The Honorable Judges
United States District Court
District of New Jersey
MLK, Jr. Federal Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

Maquet, Inc. (hereinafter "Maquet"), by and through their attorneys Fox Rothschild LLP,

respectfully petitions this Court for removal of the above captioned action from the Superior

Court of New Jersey, Law Division, Passaic County, Docket No. PAS-L-1069-12 (the "Superior

Court Action"), to the United States District Court for the District of New Jersey pursuant to 28

U.S.C. §1446, and in support thereof, respectfully says:

1.    On March 7, 2012, Plaintiff Montvale Surgical Center, LLC, filed a Complaint in

the Superior Court of New Jersey, Law Division, Passaic County, Docket No. PAS-L-1069-12.

NY1 582188v1 04/09/12

2.    Maquet is the sponsor of a self-funded employee welfare benefit plan that provides major medical benefits to covered participants.

3.    Maquet first received a copy of the Complaint on April 4, 2012.

4.    A copy of the Complaint is attached hereto as Exhibit A.

5.    The Complaint purports to seek a declaration regarding the obligation of Maquet to pay benefits, the terms by which payment was made y the Maquet plan to the Plaintiff and an alleged obligation of the Maquet to make additional payment to the Plaintiff.

6.    Plaintiff requests a determination that Maquet make payment to the Plaintiff as a result of medical expenses incurred by a participant in the Maquet plan.

7.    Plaintiffs claims seek a determination of rights, benefits and obligations of a "welfare plan" as that term is defined in 29 U.S.C. §1002, and is governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §1001, et seq.

8.    This Court has original jurisdiction over the claims set forth in the Motion pursuant to 29 U.S.C. §1332(e) and (f) and 28 U.S.C. §1331 in that Plaintiff seeks a determination of right and obligations of an employee welfare benefit plan.  Section 502(a)(1)(B) of ERISA, 29 U.S.C. §1332(a)(1)(B), provides an exclusive federal cause of action for resolution of such disputes. *See* Clevenger v. First Option Health Plan of New Jersey, 208 F.Supp.2d 463 (D.N.J. 2002)(removal is appropriate for declaratory judgment action to determine benefits due under 29 U.S.C. §1132(a)(1)(B))

9.    Accordingly, any prayer for determination of the rights, duties or obligations under the terms of the plan may be removed to this Court pursuant to 28 U.S.C. §1441(b).  This Court has pendent jurisdiction over any remaining claims.

10.     Venue is proper in the United States District Court for the District of New Jersey, Newark Vincage, in that the action is pending in the Superior Court of New Jersey, Passaic County.

11.     This Removal Petition is filed with this Court within 30 days after a receipt of the Complaint by Maquet.

12.     Written notice of the filing of this Removal Petition will be filed with the Clerk of the Superior Court of New Jersey, Law Division, Passaic County.

13.     A true and accurate copy of this Removal Petition has been provided to all parties or their counsel.

For the reasons set forth above, Maquet hereby removes this action from the Superior Court of New Jersey, Law Division, Passaic County, to this Court.

Respectfully submitted,
FOX ROTHSCHILD LLP
Attorneys for Maquet, Inc.

By:_____

Keith R. McMurdy
100 Park Avenue, 15th Floor
New York, New York 10017
(212) 878-7900
Fax: (212) 692-0940
kmcmurdy@foxrothschild.com

Dated: April 20 , 2012

## CERTIFICATE OF SERVICE

I hereby certify that on this date I caused a copy of Defendant's Notice of Removal to be

served upon the parties named below via electronic delivery:

William T. Walsh, Clerk
United States District Court
District of New Jersey
King Building and Courthouse
50 Walnut Street
Newark, New Jersey 07102

And to the following via overnight mail:

Clerk
Superior Court of New Jersey
Passaic County Superior Court
77 Hamilton Street
Paterson, New Jersey 07505

Andrew R. Bronsnick
Massood & Bronsnick, LLP
50 Packanack Lake Road East
Wayne, New Jersey 07470
*Attorney for Plaintiff*

Horizon Blue Cross & Blue Shield of New Jersey
3 Penn Plaza East
Newark, New Jersey 07105
*Defendant*

Keith R. McMurdy

Dated: April **20**, 2012

NY1 582188v1 04/09/12

# EXHIBIT A

**MASSOOD & BRONSNICK, LLC**
50 Packanack Lake Road East
Wayne, New Jersey 07470-6663
(973) 696-1900
Attorneys for: Plaintiffs

Received and Filed
Superior Court of New Jersey

MAR 07 2012

**Passaic County**

| | |
|---|---|
| MONTVALE SURGICAL CENTER, LLC. a/s/o JENNY ESPINOSA & PEDRO ESPINOSA <br><br> Plaintiff(s), <br><br> v. <br><br> HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY, INC.; MAQUET, INC.; ABC CORP. (1-10) (Said names being fictitious and unknown entities) <br><br> Defendant(s), | SUPERIOR COURT OF NEW JERSEY PASSAIC COUNTY: LAW DIVISION <br><br> DOCKET NO: L 1009-12 <br> CIVIL ACTION <br><br> **COMPLAINT AND JURY DEMAND** |

The Plaintiff, Montvale Surgical Center, LLC., a/s/o Jenny Espinosa and Pedro Espinosa, by way of Complaint against Defendants, says:

## THE PARTIES

1.  Plaintiff, Montvale Surgical Center, LLC. (hereinafter referred to as "MSC" or "Plaintiff") is an outpatient Ambulatory Surgery Center (ASC) where minimally invasive pain management and podiatry procedures are performed, having its office located at 6 Chestnut Ridge Road, Montvale, NJ 07645. At all relevant times, MSC was an "out-of-network" medical practice that provided various medical treatments to subscribers enrolled in the healthcare plans of Defendant.

2.  Defendant, Maquet, Inc., (hereinafter referred to as "Maquet") is a medical technology company having its headquarters located at 45 Barbour Pond Drive, Wayne, NJ 07470.

Massood & Bronsnick, LLC
Attorneys at Law

3. Maquet maintains a self-funded health insurance plan for its employees and their participating family members.

4. Jenny Espinosa and Pedro Espinosa (hereinafter referred to as "J. Espinosa" and "P. Espinosa") are citizens of the United States residing at 40 Booraem Avenue, Apt. 2, Jersey City, NJ 07097. J. Espinosa and P. Espinosa are subscribers to a plan of group health insurance issued to employees and their participating family members by Maquet.

5. Defendant, Horizon Blue Cross Blue Shield of New Jersey, Inc. (hereinafter referred to as "Horizon") is a company authorized to transact insurance business throughout the State of New Jersey, which actively solicits customers from New Jersey, and is headquartered at 3 Penn Plaza East, Newark, NJ, 07105. Horizon is a managed care company consisting of several healthcare plans providing healthcare coverage to its subscribers for both "in-plan" and "out-of-network" medical services.

6. Plaintiff received a written Assignment of Benefits agreement from J. Espinosa and P. Espinosa, the aforementioned Horizon/Maquet subscriber, which transferred their contractual and legal rights under the policy of group health issued by Horizon/Maquet to Plaintiff. Thus, Plaintiff has standing to bring a civil action against Horizon/Maquet.

## SUBSTANTIVE ALLEGATIONS

7. Horizon operates, controls and/or administers managed healthcare insurance plans providing health and medical coverage to its members and dependents. At all relevant times, Horizon provided certain members and/or their dependents with

"out-of-network" benefits, enabling these individuals to gain access to the physicians (providers) of their choice, rather than limiting access only to "in-plan" physicians as would be true with a health maintenance organization plan.

8.  Specifically, in this case, the Plaintiff provided the treating doctors and facility, a high-level ambulatory surgery center, for the medical procedures administered to J. & P. Espinosa. It is not disputed that all of the surgical procedures performed were "medically necessary" and were approved by Horizon.

9.  The usual and customary fee, often referred to as the "reasonable and customary" fee, is defined, or is reasonably interpreted to mean, the amount that providers, like the Plaintiffs, normally charge to their patients in the free market, i.e. without an agreement with an insurance company to reduce such a charge in exchange for obtaining access to the insurance company's subscribers. Moreover, the UCR fee means the usual charge for a particular service by providers in the same geographic area with similar training and experience.

10. In each instance, prior to MSC rendering services, Horizon agreed to directly compensate Plaintiff their UCR fee for the services provided. Consequently, in each instance, Plaintiff reasonably believed and relied upon Horizon's express or implied representations that Plaintiff would be paid the UCR fee on that basis agreed to render the services.

11. Plaintiff submitted a bill to Defendant, Horizon, on behalf of J. Espinosa based on the reasonable and customary charges for its services, in the amount of $11,110.00. Horizon and/or Maquet approved an allowed amount of $893.00 and issued payment to Plaintiff in the amount of $893.00. Horizon issued an

Explanation of Benefits ("EOB") that the remaining balance of $10,217.00 was not allowed.

12. Plaintiff submitted a bill to Defendant, Horizon, on behalf of P. Espinosa based on the reasonable and customary charges for its services, in the amount of $34,210.00. Horizon and/or Maquet approved an allowed amount of $2,704.00 and issued payment to Plaintiff in the amount of $2,417.50. Horizon issued an Explanation of Benefits ("EOB") that P. Espinosa was responsible for $286.50 and that the remaining balance of $31,506.00 was not allowed.

13. Plaintiff submitted appeals for reconsideration of the claim, and for further payment. Defendants failed to provide a timely and appropriate response to the appeal because they failed to provide a copy of the Summary Plan Description in a timely manner, they failed to give a detailed explanation as to how they determined the approved amount for payment on the dates of service at issue, and they failed to properly process the claims for payment. Furthermore, Defendant failed to properly advise Plaintiff about the appeal process and therefore, Defendant did not properly consider payment on appeal.

14. Defendants have not issued any further payments to Plaintiff.

15. By and through this lawsuit, Plaintiff now seeks damages, due to Defendant's actions that have resulted in Plaintiff not receiving payment for the significant medical services rendered.

Massood & Bronsnick, LLC
Attorneys at Law

## FIRST COUNT
### (Breach of Contract--Horizon)

16. Plaintiff repeats and re-alleges all prior allegations as though fully set forth

herein.

17.     Horizon conducts business in every county in the State of New Jersey, including

Passaic County, and venue was properly laid in Passaic County pursuant to R.

4:3-2.

18.     Horizon issued a policy, and acts as an agent and/or third party administrator for

Maquet and its members and their participating family members. Maquet issued a

policy of insurance and/or is obligated to provide health insurance to its members

and their participating family members, including Espinosa.

19.     Horizon breached its contract with Plaintiff MSC, a/s/o Jenny Espinosa & Pedro

Espinosa, by failing to pay the reasonable and customary rate for services

rendered under the terms of the insurance policy and agreement by failing to

properly respond to the appeal.

20.     Consequently, MSC was damaged by Horizon's breach of contract.

WHEREFORE, Plaintiff requests judgment against Defendants for:

a)  Compensatory damages;

b)  Interest;

c)  Costs of suit;

d)  Attorney's fees; and

e)  Such other relief as the Court deems equitable and just.

## SECOND COUNT
### (Breach of Contract—Maquet)

21.     Plaintiff repeats and re-alleges all prior allegations as though fully set forth

herein.

Messmed & Bronarich, LLC
Attorneys at Law

22. Maquet provides health insurance fo the employees of companies that conduct business in every county in the State of New Jersey, including Passaic County, and venue was properly laid in Passaic County pursuant to R. 4:3-2.

23. Maquet issued a policy of insurance and/or is obligated to provide health insurance to its employees and their participating family members including Espinosa.

24. Maquet breached its contract with Plaintiff MSC, a/s/o Jenny Espinosa & Pedro Espinosa, by failing to pay the reasonable and customary rate for services rendered under the terms of the insurance policy and agreement and by failing to properly respond to Plaintiff's appeal.

25. Consequently, MSC was damaged by Maquet's breach of contract.

WHEREFORE, Plaintiff requests judgment against Defendants for:

a) Compensatory damages;

b) Interest;

c) Costs of suit;

d) Attorney's fees; and

e) Such other relief as the Court deems equitable and just.

## THIRD COUNT
### (Promissory Estoppel)

26. Plaintiff repeats and re-alleges all prior allegations as though fully set forth herein.

27. In reliance upon Horizon/Maquet's confirmation that payment would be issued in accordance with the reasonable and customary fee, MSC provided

Masood & Bosanick, LLC
Attorneys at Law

Horizon/Maquet's subscribers or dependents with "medically necessary" care and treatment.

28. At no time did Defendant ever withdraw its confirmation that reimbursement would be in accordance with reasonable and customary fees.

29. Despite Defendant's continued affirmation that payment would be issued at the reasonable and customary fee, Defendant has not provided proper payment to MSC for the medical services rendered.

30. Consequently, Defendant's actions have therefore caused Plaintiff to suffer a detriment of a definite and substantial nature in reliance upon Defendant's promise to pay at the reasonable and customary rate for the medical services rendered, thus constituting an actionable claim pursuant to the doctrine of promissory estoppel.

31. As a result, MSC has suffered significant damages as a result.

WHEREFORE, Plaintiff requests judgment against Defendants for:

a) Compensatory damages;

b) Interest;

c) Costs of suit;

d) Attorney's fees; and

e) Such other relief as the Court deems equitable and just.

Maswood & Brunswick, LLC
Attorneys at Law

## FOURTH COUNT
### (Negligent Misrepresentation)

32. Plaintiff repeats and re-alleges all prior allegations as though fully set forth herein.

33. Despite its confirmation that payment would be issued in accordance with the reasonable and customary fees for service rendered herein, Defendant negligently refused to pay the subject claims in accordance with said confirmation. Due to Defendant's negligent misrepresentation, MSC was paid less than the reasonable and customary rates.

34. Defendant's negligent misrepresentation that payment would be issued in accordance with the reasonable and customary fees for the services rendered herein, was unknown to MSC at the time it agreed to perform the medical services for the subscribers and/or their dependents. Plaintiff reasonably expected and relied upon what it believed to be Defendant's honest representations that the Plaintiff would be properly compensated in accordance with the payment confirmation.

35. By virtue of the foregoing, Defendant's have committed negligent misrepresentation.

36. MSC's reliance on these misrepresentations was to its substantial detriment and as a result Plaintiff suffered significant damages

WHEREFORE, Plaintiff requests judgment against Defendants for:

a) Compensatory damages;

b) Interest;

c) Costs of suit;

d) Attorney's fees; and

e) Such other relief as the Court deems equitable and just.

Massood & Bronorich, LLC
Attorneys at Law

## FIFTH COUNT
### (Unjust Enrichment)

37. Plaintiff repeats and re-alleges all prior allegations as though fully set forth herein.

38. At all relevant times, Defendants consistently and systematically refused to pay Plaintiff the reasonable and customary fees for the medical services rendered contrary to Defendant's confirmation of payment terms.

39. Therefore, Defendants have been unjustly enriched through the use of funds that earned interest or otherwise added to its profits when said money should have been paid in a timely and appropriate manner to Plaintiff.

WHEREFORE, Plaintiff requests judgment against Defendants for:

    a) Compensatory damages;

    b) Interest;

    c) Costs of suit;

    d) Attorney's fees; and

    e) Such other relief as the Court deems equitable and just.

## SIXTH COUNT

40. Plaintiff repeats and re-alleges all prior allegations as though fully set forth herein.

41. On or about the aforementioned dates and place, Defendants, ABC Corporations 1 through 10, were parties responsible for the payments of Plaintiff's reasonable and customary fees.

Masood & Bronsnick, LLC
Attorneys at Law

WHEREFORE, Plaintiff requests judgment against Defendants for:

    a) Compensatory damages;

    b) Interest;

    c) Costs of suit;

    d) Attorney's fees; and

    e) Such other relief as the Court deems equitable and just.

## JURY DEMAND

The undersigned hereby demands a trial by jury as to all issues.

## DESIGNATION OF TRIAL COUNSEL

The undersigned hereby designates Andrew R. Bronsnick, Esq. as trial counsel for the within matter.

MASSOOD & BRONSNICK, LLP.
Attorneys for Plaintiffs

BY: _____
ANDREW R. BRONSNICK, ESQ.

Dated: March 5, 2012

## CERTIFICATION PURSUANT TO R. 4:5-1

The undersigned hereby certifies that the matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, and no other action or arbitration proceeding is contemplated. There are no other known parties who should be joined to this action.

MASSOOD & BRONSNICK, LLP
Attorneys for Plaintiff

BY: _____
ANDREW R. BRONSNICK, ESQ.

Dated: March 5, 2012

f:\wp51\majormed\montvale surgical center\espinosa\complaint 3.5.12.doc

Massood & Bronsnick, LLC
Attorneys at Law