IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MONTVALE SURGICAL CENTER a/s/o JENNY ESPINOSA & PEDRO ESPINOSA,<br><br>Plaintiffs,<br><br>v.<br><br>HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY, INC.; MAQUET, INC.; ABC CORP. (1-10)(Said names being fictitious and unknown entities)<br><br>Defendants. | CIVIL ACTION NO.: 12-2374-WJM-MF |

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant Horizon Blue Cross Blue Shield of New Jersey (improperly pleaded as Horizon Blue Cross Blue Shield of New Jersey, Inc.) ("Horizon") and Defendant Maquet, Inc. ("Maquet") hereby jointly answer the Complaint filed by Plaintiff Montvale Surgical Center a/s/o Jenny Espinosa & Pedro Espinosa and files the following Affirmative Defenses.

### THE PARTIES

1. Defendants admit only that Plaintiff is an out-of-network provider and does not have a contract with Horizon. Defendants are without sufficient knowledge to confirm or deny the remaining allegations contained within paragraph 1 of the Complaint and leaves Plaintiff to its proofs.

2. Defendants admit the allegations contained within paragraph 2 of the Complaint.

3. Defendants admit the allegations contained within paragraph 3 of the Complaint.

2706200-01

4. Defendants deny each and every allegation contained within paragraph 4 of the Complaint except to admit only that Jenny Espinosa and Pedro Espinosa are participants in a health benefits plan sponsored by Maquet.

5. Defendants deny each and every allegation contained within paragraph 5 of the Complaint except to admit only that Horizon is a not-for-profit health service corporation established under the Health Service Corporations Act, N.J.S.A. 17:47E-1 to -48, and is authorized to do business in the State of New Jersey with its principal place of business located at Three Penn Plaza, Newark, New Jersey. Horizon provides health care benefits and insurance and administrative services under the terms of its benefit plans or policies of insurance which provide in-network benefits and in some instances, out-of-network benefits.

6. Defendants deny each and every allegation contained within paragraph 6 of the Complaint. By way of further answer, any assignment of benefits as against Defendants is void and unenforceable as a matter of public policy. See Somerset Orthopedic Associates, P.A. v. Horizon Blue Cross Blue Shield of New Jersey, 345 N.J. Super. 410, 413-415 (App. Div. 2001).

## SUBSTANTIVE ALLEGATIONS

7. Defendants deny each and every allegation contained within paragraph 7 of the Complaint except to admit only that Horizon provides health care benefits and insurance and administrative services under the terms of its benefit plans or policies of insurance which provide in-network benefits and in some instances, provide out-of-network benefits.

8. Defendants deny that the services allegedly rendered were "medically necessary" and were approved by Horizon. Defendants are without sufficient knowledge to confirm or deny the remaining allegations within paragraph 7 of the Complaint and leaves Plaintiff to its proofs.

2706200-01

9. Defendants deny each and every allegation contained within paragraph 9 of the Complaint.

10. Defendants deny each and every allegation contained within paragraph 10 of the Complaint.

11. Defendants deny each and every allegation contained within paragraph 11 of the Complaint except to admit only that the claims at issue were properly processed and paid in accordance with the terms, conditions, exclusions and limitations of the applicable health benefit plans.

12. Defendants deny each and every allegation contained within paragraph 12 of the Complaint except to admit only that the claims at issue were properly processed and paid in accordance with the terms, conditions, exclusions and limitations of the applicable health benefit plans.

13. Defendants deny each and every allegation contained within paragraph 13 of the Complaint.

14. Defendants deny each and every allegation contained within paragraph 14 of the Complaint except to admit only that the claims at issue were properly processed and paid in accordance with the terms, conditions, exclusions and limitations of the applicable health benefit plans.

15. The averments contained in paragraph 15 of the Complaint are nothing more than legal conclusions to which no answer is required. To the extent that an answer is deemed necessary, Defendants deny each and every allegation contained within paragraph 15 of the Complaint.

**WHEREFORE**, Defendants demand judgment in their favor and against Plaintiff dismissing the Complaint with prejudice and for an award of attorney's fees and costs.

## FIRST COUNT
### (Breach of Contract - Horizon)

16.     Defendants repeat and incorporate by reference its answers to the proceeding allegations of the Complaint.

17.     Defendants admit only that Horizon conducts business throughout the State of New Jersey, including Passaic County.  The remaining allegations contained within paragraph 17 of the Complaint are legal averments to which no response is required.  To the extent that an answer is deemed necessary, Defendants deny the remaining allegations contained within paragraph 17 of the Complaint.

18.     Defendants deny each and every allegation contained within paragraph 18 of the Complaint except to admit only that Jenny Espinosa and Pedro Espinoa receive health benefits pursuant to the terms, conditions, exclusions and limitations of the applicable health benefit plan administered by Horizon.

19.     Defendants deny each and every allegation contained within paragraph 19 of the Complaint.

20.     Defendants deny each and every allegation contained within paragraph 20 of the Complaint.

**WHEREFORE**, Defendants demand judgment in their favor and against Plaintiff dismissing the Complaint with prejudice and for an award of attorney's fees and costs.

## SECOND COUNT
### (Breach of Contract - Maquet)

2706200-01

21. Defendants repeat and incorporate by reference its answers to the proceeding allegations of the Complaint.

22. Defendants deny each and every allegation contained within paragraph 22 of the Complaint.

23. Defendants deny each and every allegation contained within paragraph 23 of the Complaint.

24. Defendants deny each and every allegation contained within paragraph 24 of the Complaint.

25. Defendants deny each and every allegation contained within paragraph 25 of the Complaint.

**WHEREFORE**, Defendants demand judgment in their favor and against Plaintiff dismissing the Complaint with prejudice and for an award of attorney's fees and costs.

### THIRD COUNT
### (Promissory Estoppel)

26. Defendants repeat and incorporate by reference its answers to the proceeding allegations of the Complaint.

27. Defendants deny each and every allegation contained within paragraph 27 of the Complaint.

28. Defendants deny each and every allegation contained within paragraph 28 of the Complaint.

29. Defendants deny each and every allegation contained within paragraph 29 of the Complaint.

30. Defendants deny each and every allegation contained within paragraph 30 of the Complaint.

2706200-01

31. Defendants deny each and every allegation contained within paragraph 31 of the Complaint.

**WHEREFORE**, Defendants demand judgment in their favor and against Plaintiff dismissing the Complaint with prejudice and for an award of attorney's fees and costs.

### FOURTH COUNT
### (Negligent Misrepresentation)

32. Defendants repeat and incorporate by reference its answers to the proceeding allegations of the Complaint.

33. Defendants deny each and every allegation contained within paragraph 33 of the Complaint.

34. Defendants deny each and every allegation contained within paragraph 34 of the Complaint.

35. Defendants each and every allegation contained within paragraph 35 of the Complaint.

36. Horizon denies each and every allegation contained within paragraph 36 of the Complaint.

**WHEREFORE**, Defendants demand judgment in their favor and against Plaintiff dismissing the Complaint with prejudice and for an award of attorney's fees and costs.

### FIFTH COUNT
### (Unjust Enrichment)

37. Defendants repeat and incorporate by reference its answers to the proceeding allegations of the Complaint.

2706200-01

38. Defendants deny each and every allegation contained within paragraph 38 of the Complaint.

39. Defendants deny each and every allegation contained within paragraph 39 of the Complaint.

**WHEREFORE**, Defendants demand judgment in their favor and against Plaintiff dismissing the Complaint with prejudice and for an award of attorney's fees and costs.

### SIXTH COUNT

40. Defendants repeat and incorporate by reference its answers to the proceeding allegations of the Complaint.

41. The allegations contained in paragraph 41 of the Complaint are not directed towards Defendants and therefore no response is required. To the extent an answer is deemed necessary, Defendants are without sufficient knowledge to confirm or deny the allegations within paragraph 41 of the Complaint and leaves Plaintiff to its proofs.

2706200-01

**WHEREFORE**, Defendants demand judgment in their favor and against Plaintiff dismissing the Complaint with prejudice and for an award of attorney's fees and costs.

<div style="text-align:right">

CONNELL FOLEY LLP
Liberty View
457 Haddonfield Rd., Ste. 230
Cherry Hill, NJ 08002
*Attorneys for Defendants*
*Horizon Blue Cross Blue Shield*
*of New Jersey and Maquet, Inc.*

</div>

BY: _____
　　　　Matthew A. Baker, Esquire

DATE:   May 11, 2012

8

2706200-01

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief may be granted.

2. Plaintiff's claims are barred by the express terms of the applicable health benefit plan.

3. Plaintiff's claim seeks benefits that are not eligible for coverage according to the terms of the relevant health benefit plan.

4. Defendants did not violate any legal or contractual duty owed to Plaintiff.

5. Defendants acted reasonably and in good faith with Plaintiff at all times.

6. The Complaint is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, et seq. and the Plaintiffs are limited to remedies thereunder as against Horizon which are limited to payment of benefits that were allegedly denied.

7. Plaintiff's claims are expressly and completely preempted in whole or in part by Sections 502(a) and 514(a) of ERISA, 29 U.S.C. §§1132(a) and 1144(a).

8. Plaintiff's claims are barred by reasons of the Doctrines of Waiver, Laches, Unclean Hands and/or Estoppel.

9. The complaint may be barred by the applicable Statute of Limitations.

10. Plaintiff's claims are barred because Plaintiff lacks standing to pursue this action.

11. Plaintiff has failed to exhaust all appeal rights under the applicable health benefit plan. Thus, the Complaint is premature and must be dismissed.

12. Plaintiff's claims are barred because Defendants fulfilled all their obligations under the health benefits plan and/or policies of insurance.

13. Defendants reserve the right to amend its answer to assert additional defenses and/or supplement, alter or change its answers upon completion of the appropriate investigation and discovery.

**WHEREFORE**, Defendants demand judgment in their favor and against Plaintiff dismissing the Complaint with prejudice and for an award of attorney's fees and costs.

<div style="margin-left:40%">

CONNELL FOLEY LLP
Liberty View
457 Haddonfield Rd., Ste. 230
Cherry Hill, NJ 08002
*Attorneys for Defendants
Horizon Blue Cross Blue Shield
of New Jersey and Maquet, Inc.*

BY: _____
    Matthew A. Baker, Esquire

</div>

DATE:   May 11, 2012

## DESIGNATION OF TRIAL COUNSEL

Please be advised that Matthew A. Baker, Esquire is designated for trial counsel for Defendants Horizon Blue Cross Blue Shield of New Jersey and Maquet, Inc.

CONNELL FOLEY LLP
Liberty View
457 Haddonfield Rd., Ste. 230
Cherry Hill, NJ 08002
*Attorneys for Defendants*
*Horizon Blue Cross Blue Shield*
*of New Jersey and Maquet, Inc.*

BY: _____
Matthew A. Baker, Esquire

DATE:   May 11, 2012

2706200-01

**CERTIFICATE OF SERVICE**

I, Randi P. Vuich, of full age, hereby certify that the within Answer and Affirmative Defenses has been electronically filed with the Clerk within the time and in the manner prescribed by the Rules of Civil Procedure and that a copy of the within pleading has been served this date, via email and first-class mail, postage prepaid, upon:

> Massood & Bronsnick, LLC
> 50 Packanack Lake Rd. East
> Wayne, NJ 07470
> *Attorneys for Plaintiff*

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

_____
Randi P. Vuich

DATE:   May 11, 2012

2706200-01