# EXHIBIT B

**MASSOOD & BRONSNICK, LLC**
50 Packanack Lake Road East
Wayne, New Jersey 07470-6663
(973) 696-1900
Attorneys for: Plaintiff

| | |
|---|---|
| MONTVALE SURGICAL CENTER a/s/o MARY AGNELLO, <br><br> Plaintiff(s), <br><br> v. <br><br> HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY, INC.; YWCA OF BERGEN COUNTY; ABC CORP. (1-10) (Said names being fictitious and unknown entities), <br><br> Defendant(s), | SUPERIOR COURT OF NEW JERSEY <br> BERGEN COUNTY: SPECIAL CIVIL PART <br><br> DOCKET NO: DC-7038-12 <br><br> **CIVIL ACTION** <br><br> **AMENDED COMPLAINT** |

The Plaintiff, Montvale Surgical Center, LLC., a/s/o Mary Agnello, by way of Complaint against Defendants says:

### THE PARTIES

1. Plaintiff, Montvale Surgical Center, LLC. (hereinafter referred to as "MSC" or "Plaintiff") is an outpatient Ambulatory Surgery Center (ASC) where minimally invasive pain management and podiatry procedures are performed, having its office located at 6 Chestnut Ridge Road, Montvale, NJ 07645. At all relevant times, the Plaintiff was an "out-of-network" medical practice that provided various surgical services to subscribers enrolled in the healthcare plans of Defendant.

2. Defendant YWCA of Bergen County. (hereinafter referred to as "YWCA") is a part of a federated organization made up of local and nation organizations in voluntary association which actively seeks customers from New Jersey and is located at 2 University Plaza, Suite 208, Hackensack, New Jersey 07601.

3. YWCA conducts business in every county in the State of New Jersey, including Bergen County, and venue was properly laid in Bergen County pursuant to R. 4:3-2.

4. YWCA maintains a self-funded health insurance plan for its employees and their participating family members.

5. Mary Agnello (hereinafter referred to as "Agnello") is a citizen of the United States residing at 830 Arbor Road, Paramus, NJ 07652 and is a subscriber to a plan of group health insurance issued to employees and their participating family members by YWCA.

6. Defendant Horizon Blue Cross Blue Shield of New Jersey, Inc. (hereinafter referred to as "Horizon") is an insurance company authorized to transact insurance business throughout the State of New Jersey, which actively solicits customers from New Jersey, and is headquartered at 975 Raymond Boulevard Newark, NJ 07105. Horizon is a managed care company consisting of several healthcare plans providing healthcare coverage and third party administration to its subscribers for both "in-plan" and "out-of-network" medical services.

7. Plaintiff received a written Assignment of Benefits agreement from Agnello, the aforementioned Horizon/YWCA subscriber, of her contractual rights under the policy of group health insurance issued by Horizon/YWCA and thus, has standing to bring a civil action against Horizon/YWCA.

## SUBSTANTIVE ALLEGATIONS

8. Horizon/YWCA operates, controls and/or administers managed healthcare

Massood & Bronsnick, LLC
Attorneys at Law

insurance plans providing health and medical coverage to its members and dependents. At all relevant times, Horizon/YWCA provided certain members and/or their dependents with "out-of-network" benefits, enabling these individuals to gain access to the physicians (providers) of their choice, rather than limiting access only to "in-plan" physicians as would be true with a health maintenance organization plan.

9. Specifically, in this case, the Plaintiff provided the treating doctors and facility, a high-level ambulatory surgery center, for the medical procedures administered to Agnello. It is not disputed that all of the surgical procedures performed were "medically necessary" and were approved by Horizon/YWCA.

10. The usual and customary fee, often referred to as the "reasonable and customary" fee, is defined, or is reasonably interpreted to mean, the amount that providers, like the Plaintiffs, normally charge to their patients in the free market, i.e. without an agreement with an insurance company to reduce such a charge in exchange for obtaining access to the insurance company's subscribers. Moreover, the UCR fee means the usual charge for a particular service by providers in the same geographic area with similar training and experience.

11. In each instance, prior to Plaintiff rendering services, Horizon/YWCA agreed to directly compensate Plaintiff their UCR fee for the services provided. Consequently, in each instance, Plaintiff reasonably believed and relied upon Horizon/YWCA's express or implied representations that Plaintiff would be paid the UCR fee and it was on that basis, Plaintiff agreed to render the services.

12. Plaintiff submitted a bill to Defendant, Horizon/YWCA, based on the reasonable

and customary charges for its services, in the amount of $8,400.00. Horizon/YWCA approved an allowed amount of $459.00 and issued payment to Plaintiff in the amount of $321.30. Horizon/YWCA issued an Explanation of Benefits ("EOB") indicating that Agnello was responsible for $137.70 and that the remaining balance of $8,078.70 was not allowed.

13. Based upon the foregoing, Plaintiff hereby demands payment in the amount of $8,078.70.

14. Plaintiff submitted appeals for reconsideration of the claim, and for further payment. Defendant failed to provide an appropriate response to the appeal, because they failed to provide a copy of the Summary Plan Description in a timely manner, they failed to give a detailed explanation as to how they determined the approved amount for payment on the dates of service at issue, and they failed to properly process the claims for payment. Furthermore, Defendant failed to properly advise Plaintiff about the appeal process and therefore, Defendant did not properly consider payment on appeal.

15. Defendant has not issued any further payments to Plaintiff.

16. By and through this lawsuit, Plaintiff now seeks damages, due to Defendant's actions that have resulted in Plaintiff not receiving payment for the significant medical services rendered.

## FIRST COUNT
### (Breach of Contract—Horizon)

17. Plaintiff repeats and re-alleges all prior allegations as though fully set forth herein.

18. Horizon conducts business in every county in the State of New Jersey, including

Massood & Bronsnick, LLC
Attorneys at Law

Bergen County, and venue was properly laid in Bergen County pursuant to R. 4:3-2.

19. Horizon issued a policy, and acts as an agent and/or third party administrator for YWCA and its employees and their participating family members. YWCA issued a policy of insurance and/or is obligated to provide health insurance to its employees and their participating family members, including Agnello.

20. Horizon breached its contract with MSC, a/s/o Mary Agnello by failing to pay the reasonable and customary rate for the medical necessary services rendered under the terms of the policy through YWCA, by failing to properly respond to the appeal, and by failing to comply with the terms of the Summary Plan Description.

21. Consequently, MSC was damaged by Horizon's breach of contract.

WHEREFORE, Plaintiff requests judgment against Defendants for:

a) Compensatory damages;

b) Interest;

c) Costs of suit;

d) Attorney's fees; and

e) Such other relief as the court deems equitable and just.

## SECOND COUNT
### (Breach of Contract—YWCA)

22. Plaintiff repeats and re-alleges all prior allegations as though fully set forth herein.

23. YWCA conducts business in every county in the State of New Jersey, including Bergen County, and venue was properly laid in Bergen County pursuant to R. 4:3-2.

Massood & Bronsnick, LLC
Attorneys at Law

24. YWCA issued a policy of insurance and/or is obligated to provide health insurance to its employees and their participating family members including Agnello.

25. YWCA breached its contract with MSC, a/s/o Mary Agnello by failing to pay the reasonable and customary rate for the medically necessary services rendered under the terms of the policy, by failing to properly respond to the appeal, and by failing to comply with the terms of the Summary Plan Description.

26. Consequently, MSC was damaged by YWCA's breach of contract.

WHEREFORE, Plaintiff requests judgment against Defendants for:

a) Compensatory damages;

b) Interest;

c) Costs of suit;

d) Attorney's fees; and

e) Such other relief as the court deems equitable and just.

### THIRD COUNT
### (Promissory Estoppel)

27. Plaintiff repeats and re-alleges all prior allegations as though fully set forth herein.

28. MSC rendered medical services to Agnello, and therefore, Plaintiff expected to be paid its UCR fee for the medically necessary services.

29. In reliance upon Defendants' confirmation of coverage for medical services, prior to rendering services, MSC provided the YWCA subscriber with "medically necessary" care and medical treatment.

30. At no time did Defendant ever withdraw its confirmation of coverage for medical

Massood & Bronsnick, LLC
Attorneys at Law

services based upon a reasonable and customary fees.

31. Despite Defendants' continued confirmation of coverage for medical services for a reasonable and customary fee payment, Defendants have not appropriately paid MSC for the medical services rendered.

32. Defendants' actions have therefore caused Plaintiff to suffer a detriment of a definite and substantial nature in reliance upon Defendants' promise to pay for medical services at a reasonable and customary fee thus constituting an actionable claim pursuant to the doctrine of promissory estoppel.

33. Defendants' actions have therefore caused Plaintiff to suffer a detriment of a definite and substantial nature in reliance thereon, thus constituting an actionable claim pursuant to the doctrine of promissory estoppel.

34. MSC has suffered significant damages as a result.

WHEREFORE, Plaintiff requests judgment against Defendants for:

a) Compensatory damages;

b) Interest;

c) Costs of suit;

d) Attorney's fees; and

e) Such other relief as the Court deems equitable and just.

## FOURTH COUNT
### (Negligent Misrepresentation)

35. Plaintiff repeats and re-alleges all prior allegations as though fully set forth herein.

36. Despite its confirmation of reasonable and customary payment for medically necessary services, prior to MSC's rendering of the services, Defendants

negligently refused to pay the subject claims appropriately in accordance with said confirmation. Because of Defendants' negligent misrepresentation, MSC was paid less than the reasonable and customary rates.

37. Defendants' negligent misrepresentation of medical coverage for services rendered at a reasonable and customary payment was unknown to MSC at the time it agreed to perform the medical services for the subscribers and/or their dependents. Plaintiff reasonably expected and relied upon what it believed to be Defendants' honest representations that the Plaintiff would be properly compensated in accordance with the medical coverage plan presented prior to the medical services being performed.

38. MSC's reliance on these representations was to its substantial detriment and as a result the Plaintiff suffered significant monetary damages.

39. By virtue of the foregoing, Defendants have committed negligent misrepresentation.

40. MSC has suffered significant damages as a result.

WHEREFORE, Plaintiff requests judgment against Defendants for:

a) Compensatory damages;

b) Interest;

c) Costs of suit;

d) Attorney's fees; and

e) Such other relief as the Court deems equitable and just.

### FIFTH COUNT
(Unjust Enrichment)

41. Plaintiff repeats and re-alleges all prior allegations as though fully set forth

Massood & Bronnick, LLC
Attorneys at Law

herein.

42. At all relevant times, Defendants consistently and systematically refused to pay Plaintiff reasonable and customary fees for the medical services rendered, contrary to Defendants' confirmation of payment terms.

43. Defendants have therefore been unjustly enriched through the use of funds that earned interest or otherwise added to its profits when said money should have been paid in a timely and appropriate manner to Plaintiff.

44. MSC has suffered significant damages as a result.

WHEREFORE, Plaintiff requests judgment against Defendants for:

a) Compensatory damages;

b) Interest;

c) Costs of suit;

d) Attorney's fees; and

e) Such other relief as the Court deems equitable and just.

### SIXTH COUNT

45. Plaintiff repeats and re-alleges all prior allegations as though fully set forth herein.

46. On or about the aforementioned dates and place, Defendants, ABC Corporations 1 through 10, were parties responsible for the payments of Plaintiff's reasonable and customary fees.

WHEREFORE, Plaintiff requests judgment against Defendants for:

a) Compensatory damages;

b) Interest;

Massood & Bromwick, LLC
Attorneys at Law

c) Costs of suit;

d) Attorney's fees; and

e) Such other relief as the Court deems equitable and just.

### DESIGNATION OF TRIAL COUNSEL

The undersigned hereby designates Andrew R. Bronsnick, Esq. as trial counsel for the within matter.

MASSOOD & BRONSNICK, LLC.
Attorneys for Plaintiffs

BY: _____
ANDREW R. BRONSNICK, ESQ.

Dated: March 29, 2012

### CERTIFICATION PURSUANT TO R. 4:5-1

The undersigned hereby certifies that the matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, and no other action or arbitration proceeding is contemplated. There are no other known parties who should be joined to this action.

MASSOOD & BRONSNICK, LLC
Attorneys for Plaintiff

_____
ANDREW R. BRONSNICK, ESQ.

Massood & Bronsnick, LLC
Attorneys at Law

Dated: March 29, 2012
f:\wp51\majormed\montvale surgical center\agnello\amended complaint 3.26.12.doc