# EXHIBIT D



FILED Mar 07, 2012
Received and Filed
Superior Court of New Jersey

MAR 07 2012

Passaic County

**MASSOOD & BRONSNICK, LLC**
50 Packanack Lake Road East
Wayne, New Jersey 07470-6663
(973) 696-1900
Attorneys for: Plaintiff

---

MONTVALE SURGICAL CENTER, LLC.
a/s/o MARIA OKIDA,

                        Plaintiff(s),

v.

HORIZON BLUE CROSS BLUE SHIELD
OF NJ; ABC CORP. (1-10) (Said names
being fictitious and unknown entities),

                        Defendant(s),

SUPERIOR COURT OF NEW JERSEY
PASSAIC COUNTY: SPECIAL CIVIL PART

DOCKET NO: DC-004841-12

**CIVIL ACTION**

**COMPLAINT**
BATCH # 530
CK/CA/MO # 2150
AMT.$ 57.00

---

The Plaintiff, Montvale Surgical Center, LLC., a/s/o Maria Okida, by way of Complaint against Defendants says:

## THE PARTIES

1. Plaintiff, Montvale Surgical Center, LLC. (hereinafter referred to as "MSC" or "Plaintiff") is an outpatient Ambulatory Surgery Center (ASC) where minimally invasive pain management and podiatry procedures are performed, having its office located at 6 Chestnut Ridge Road, Montvale, NJ 07645. At all relevant times, the Plaintiff was an "out-of-network" medical practice that provided various surgical services to subscribers enrolled in the healthcare plans of Defendant.

2. Maria Okida (hereinafter referred to as "Okida") is a citizen of the United States residing at 75 Werner Avenue, North Haledon, NJ 07508 and is a subscriber to a fully funded health insurance plan. .

Massood & Bronsnick, LLC
Attorneys at Law

3. Defendant Horizon Blue Cross Blue Shield (hereinafter referred to as "Horizon") is an insurance company authorized to transact insurance business throughout the State of New Jersey, which actively solicits customers from New Jersey, and is headquartered at 975 Raymond Boulevard Newark, NJ 07105. Horizon is a managed care company consisting of several healthcare plans providing healthcare coverage and third party administration to its subscribers for both "in-plan" and "out-of-network" medical services.

4. Horizon conducts business in every county in the State of New Jersey, including Passaic County, and venue was properly laid in Passaic County pursuant to R. 4:3-2.

5. Plaintiff received a written Assignment of Benefits agreement from Okida, the aforementioned Horizon subscriber, of her contractual rights under the policy of group health insurance issued by Horizon and thus, has standing to bring a civil action against Horizon.

## SUBSTANTIVE ALLEGATIONS

6. Horizon operates, controls and/or administers managed healthcare insurance plans providing health and medical coverage to its members and dependents. At all relevant times, Horizon provided certain members and/or their dependents with "out-of-network" benefits, enabling these individuals to gain access to the physicians (providers) of their choice, rather than limiting access only to "in-plan" physicians as would be true with a health maintenance organization plan.

7. Specifically, in this case, the Plaintiff provided the facility, an ambulatory surgical center, and treating doctors for the medical procedures, including but not limited

to Platelet Rich Plasma Injections under Fluoroscopic Guidance, administered to Okida. It is not disputed that all of the procedures performed, including the Plasma Injections, were "medically necessary" and were approved by Horizon.

8. The usual and customary fee, often referred to as the "reasonable and customary" fee, is defined, or is reasonably interpreted to mean, the amount that providers, like the plaintiff, normally charge to their patients in the free market, i.e. without an agreement with an insurance company to reduce such a charge in exchange for obtaining access to the insurance company's subscribers. Moreover, the UCR fee means the usual charge for a particular service by providers in the same geographic area with similar training and experience.

9. In each instance, prior to MSC rendering services, Horizon agreed to directly compensate Plaintiff its UCR fee for the services provided. Consequently, in each instance, MSC reasonably believed and relied upon Horizon's express or implied representations that Plaintiff would be paid the UCR fee on that basis agreed to render the services.

10. Plaintiff submitted bills to Defendant Horizon, based on the reasonable and customary charges for its services, in the amount of $9,225.00. Horizon approved an allowed amount of $1,302.58 and issued payment to Plaintiff in the amount of $1,302.58. Horizon issued an Explanation of Benefits ("EOB") indicating the remaining balance of $7,922.42 was not allowed.

11. Based upon the foregoing, Plaintiff hereby demands payment in the amount of $7,922.42

12. Plaintiff submitted appeals for reconsideration of the claim, and for payment. Defendants failed to provide an appropriate response to the appeal, as they did not provide a copy of the Summary Plan Description in a timely manner, they failed to give a detailed explanation as to how they determined the approved amount for payment on the dates of service at issue, and they failed to properly process the claims for payment and appeals.

13. Defendants have not issued any further payments to Plaintiff.

14. By and through this lawsuit, MSC now seeks damages, due to Defendants' actions that have resulted in Plaintiff not receiving payment for the significant medical services rendered.

## FIRST COUNT
### (Breach of Contract)

15. Plaintiff repeats and re-alleges all prior allegations as though fully set forth herein.

16. Horizon conducts business in every county in the State of New Jersey, including Passaic County, and venue was properly laid in Passaic County pursuant to R. 4:3-2.

17. Horizon issued a fully funded policy of insurance to Okida and/or is obligated to provide health insurance to its insured's and their participating family members.

18. Horizon breached its contract with MSC, a/s/o Okida, by failing to pay the reasonable and customary rate for the medical necessary services rendered under the terms of the policy, by failing to properly respond to the appeal, and by

failing to comply with the terms of the Summary Plan Description.

19. Consequently, MSC was damaged by Horizon's breach of contract.

WHEREFORE, Plaintiff requests judgment against Defendants for:

a) Compensatory damages;

b) Interest;

c) Costs of suit;

d) Attorney's fees; and

e) Such other relief as the court deems equitable and just.

### SECOND COUNT
### (Promissory Estoppel)

20. Plaintiff repeats and re-alleges all prior allegations as though fully set forth herein.

21. MSC rendered medical services to Okida, and therefore, Plaintiff expected to be paid its UCR fee for the medically necessary services.

22. In reliance upon Defendants' confirmation of coverage for medical services, prior to rendering services, MSC provided the Horizon subscriber with "medically necessary" care and medical treatment.

23. At no time did Defendant ever withdraw its confirmation of coverage for medical services based upon a reasonable and customary fees.

24. Despite Defendants' continued confirmation of coverage for medical services for a reasonable and customary fee payment, Defendants have not appropriately paid MSC for the medical services rendered.

25. Defendants' actions have therefore caused Plaintiff to suffer a detriment of a definite and substantial nature in reliance upon Defendants' promise to pay for medical services at a reasonable and customary fee thus constituting an actionable claim pursuant to the doctrine of promissory estoppel.

26. MSC has suffered significant damages as a result.

WHEREFORE, Plaintiff requests judgment against Defendants for:

a) Compensatory damages;

b) Interest;

c) Costs of suit;

d) Attorney's fees; and

e) Such other relief as the Court deems equitable and just.

### THIRD COUNT
### (Negligent Misrepresentation)

27. Plaintiff repeats and re-alleges all prior allegations as though fully set forth herein.

28. Despite its confirmation of reasonable and customary payment for medically necessary services, prior to MSC's rendering of the services, Defendants negligently refused to pay the subject claims appropriately in accordance with said confirmation. Because of Defendants' negligent misrepresentation, MSC was paid less than the reasonable and customary rates.

29. Defendants' negligent misrepresentation of medical coverage for services rendered at a reasonable and customary payment was unknown to MSC at the time it agreed to perform the medical services for the subscribers and/or their

dependents. Plaintiff reasonably expected and relied upon what it believed to be Defendants' honest representations that the Plaintiff would be properly compensated in accordance with the medical coverage plan presented prior to the medical services being performed.

30. MSC's reliance on these representations was to its substantial detriment and as a result the Plaintiff suffered significant monetary damages.

31. By virtue of the foregoing, Defendants have committed negligent misrepresentation.

32. MSC has suffered significant damages as a result.

WHEREFORE, Plaintiff requests judgment against Defendants for:

a) Compensatory damages;

b) Interest;

c) Costs of suit;

d) Attorney's fees; and

e) Such other relief as the Court deems equitable and just.

### FOURTH COUNT
(Unjust Enrichment)

33. Plaintiff repeats and re-alleges all prior allegations as though fully set forth herein.

34. At all relevant times, Defendants consistently and systematically refused to pay Plaintiff reasonable and customary fees for the medical services rendered, contrary to Defendants' confirmation of payment terms.

35. Defendants have therefore been unjustly enriched through the use of funds that

earned interest or otherwise added to its profits when said money should have been paid in a timely and appropriate manner to Plaintiff.

36. MSC has suffered significant damages as a result.

WHEREFORE, Plaintiff requests judgment against Defendants for:

a) Compensatory damages;
b) Interest;
c) Costs of suit;
d) Attorney's fees; and
e) Such other relief as the Court deems equitable and just.

## FIFTH COUNT

37. Plaintiff repeats and re-alleges all prior allegations as though fully set forth herein.

38. On or about the aforementioned dates and place, Defendants, ABC Corporations 1 through 10, were parties responsible for the payments of Plaintiff's reasonable and customary fees.

WHEREFORE, Plaintiff requests judgment against Defendants for:

a) Compensatory damages;
b) Interest;
c) Costs of suit;
d) Attorney's fees; and
e) Such other relief as the Court deems equitable and just.

## DESIGNATION OF TRIAL COUNSEL

The undersigned hereby designates Andrew R. Bronsnick, Esq. as trial counsel for the within matter.

MASSOOD & BRONSNICK, LLC
Attorneys for Plaintiff

ANDREW R. BRONSNICK, ESQ.

Dated: March 5, 2012

## CERTIFICATION PURSUANT TO R. 4:5-1

The undersigned hereby certifies that the matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, and no other action or arbitration proceeding is contemplated. There are no other known parties who should be joined to this action.

MASSOOD & BRONSNICK, LLC
Attorneys for Plaintiff

ANDREW R. BRONSNICK, ESQ.

Dated: March 5, 2012