# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CHAMBERS OF** | **USPO & COURTHOUSE** |
| **MARK FALK** | **1 FEDERAL SQ., ROOM 457** |
| **UNITED STATES MAGISTRATE JUDGE** | **NEWARK, NJ 07101** |
| | **(973) 645-3110** |

September 26, 2012

Andrew Brosnick, Esq.
Massod & Brosnick, LLP
50 Packanack Lake Road East
Wayne, New Jersey 07470
*Attorney for Plaintiff,*
*Montvale Surgical Center*

Matthew A. Baker, Esq.
Connell Foley LLP
Liberty View
457 Haddonfield Road, Suite 230
Cherry Hill, New Jersey 08002
*Attorney for Defendant,*
*Horizon Blue Cross Blue Shield of New Jersey*

Keith R. McMurdy, Esq.
Fox Rothschild LLP
100 Park Avenue, Suite 1500
New York, New York 10017
*Attorney for Defendant,*
*Maquet, Inc.*

  Re: <u>Montvale Surgical Center v. Horizon Blue Cross Blue Shield of New Jersey, et al., 12-2374 (WJM) (MF)</u>

Dear Counsel:

  This case involves breach of contract claims brought by Plaintiff Montvale Surgical Center, operating as an assignee of two of its patients, against the patients' insurance provider, Defendant Horizon Blue Cross Blue Shield of New Jersey.

Defendants have removed the case to federal court on the basis that Plaintiff's breach of contract case is preempted and in truth an ERISA benefits case.  Presently before the Court is Defendants' motion to consolidate this case with at least 8 (and perhaps as many as 16) subsequently filed cases.  [CM/ECF No. 17.]  The motion is unopposed.  Although no argument was held, the Court discussed the motion with the parties during a conference call on August 29, 2012.  For the reasons that follow, Defendants' motion is **denied without prejudice** and a settlement conference will be scheduled.

Consolidation of civil cases is discretionary and may be appropriate when the cases present common issues of law or fact and coordination is in the best interests of the parties and judicial economy.  See Fed. R. Civ. P. 42(a); In re Consol. Parlodel Litig., 182 F.R.D. 441, 443 (D.N.J. 1998).  As the Court explained to the parties during the August 29, 2012 conference call, the present state of the record weighs against consolidation at this time for two reasons.

First, the state of the pleadings weighs against consolidation.  Plaintiff commenced this action as a breach of contract case in state court.  It claims that it is entitled to be paid the Defendants' "usual and customary fee," which it defines as "the amount that providers, like the Plaintiffs, normally charge to their patients in the free market." (Compl., ¶ 9.)  Plaintiff also claims that Horizon "agreed to directly compensate Plaintiff their [usual and customary fee] for the services provided," and that "Plaintiff . . . relied upon Horizon's express and implied representations . . . [and] on that basis agreed to render services."  This would be a traditional breach of contract case if not for the allegation in the Complaint that Plaintiff is proceeding pursuant to an assignment of benefits from its patients.  (Compl., ¶ 6.)  While the assignment of benefits assuredly transforms this case into an ERISA case, *see, e.g.*, *Sportscare of America, P.C. v. Multiplan, Inc.*, No. 10-4414, 2011 WL 223724 (D.N.J. Jan. 24, 2011), *adopted at* 2011 500195 (D.N.J. Feb. 10, 2011), the state of the pleadings has not been correspondingly cleared up.  At this point, this Court still has before it a complaint containing breach of contract claims.  While Defendants removed this case on the basis of complete preemption under ERISA, they did not move to dismiss the complaint.  *See Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 44 (1987).[1]  Nor have the parties apparently yet agreed, as the Court suggested during the August 29th conference, to the filing of an amended complaint that would assert proper claims under ERISA.  The uncertain state of the pleadings, and the nature of the allegations made with respect to the individual breach of contract claim, makes it difficult for the Court to conclude that individual issues do not

---

[1] The parties are reminded that, post-answer, Court approval is required before filing any dispositive motion.

predominate and that common issues of law and fact support consolidation.

Second, the Court is unable to conclude from the papers submitted that, even assuming these cases are, in fact, ERISA cases, which is nearly certain, consolidation would be appropriate. The Court does not have information such as the nature of the services provided, whether different procedures were reimbursed at different rates, and whether services were provided under the same, similar, or entirely different ERISA-governed plans. While the Court would very strongly consider consolidating this and the other cases at a later time if the pleadings are cleared up and the missing information is provided, the information submitted to date does not yet support consolidation.

Based on the above, Defendants' motion to consolidate [CM/ECF No. 17] is **denied without prejudice**. As was discussed during the August 29th conference, the Undersigned will schedule a settlement conference in this case for **Monday, October 16, 2012, at 10:00 a.m.** In addition to and wholly separate from counsel, individuals with full settlement authority on behalf of the corporate parties are required to attend the conference **in-person**.

If the case proceeds beyond the settlement conference, the Court will discuss with the parties the process for renewing any motion to consolidate.

**SO ORDERED.**

s/Mark Falk
**MARK FALK**
**United States Magistrate Judge**
