**MASSOOD & BRONSNICK, LLC**
50 Packanack Lake Road East
Wayne, New Jersey 07470-6663
(973) 696-1900
Attorneys for: Plaintiffs

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MONTVALE SURGICAL CENTER, LLC a/s/o J.E. & P.E.,<br><br>Plaintiff(s),<br><br>v.<br><br>HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY, INC.; MAQUET, INC.; ABC CORP. (1-10) (Said names being fictitious and unknown entities),<br><br>Defendant(s), | CIVIL ACTION NO.: 2:12-cv-02374<br><br>**CIVIL ACTION**<br><br>**AMENDED COMPLAINT** |

The Plaintiff, Montvale Surgical Center, LLC, a/s/o J.E. and P.E., by way of Amended Complaint against Defendants, says:

**THE PARTIES**

1. Plaintiff, Montvale Surgical Center, LLC. (hereinafter referred to as "MSC" or "Plaintiff") is an outpatient Ambulatory Surgery Center (ASC) where minimally invasive pain management and podiatry procedures are performed, having its office located at 6 Chestnut Ridge Road, Montvale, NJ 07645. At all relevant times, MSC was an "out-of-network" medical practice that provided various medical treatments to subscribers enrolled in the healthcare plans of Defendant.

2. Defendant, Maquet, Inc., (hereinafter referred to as "Maquet") is a medical technology company having its headquarters located at 45 Barbour Pond Drive,

Massood & Bronsnick, LLC
Attorneys at Law

Wayne, NJ 07470.

3. Maquet maintains a self-funded health insurance plan for its employees and their participating family members.

4. J.E. and P.E. are citizens of the United States residing in New Jersey. J.E. and P.E. are subscribers to a plan of group health insurance issued to employees and their participating family members by Maquet.

5. Defendant, Horizon Blue Cross Blue Shield of New Jersey, Inc. (hereinafter referred to as "Horizon") is a company authorized to transact insurance business throughout the State of New Jersey, which actively solicits customers from New Jersey, and is headquartered at 3 Penn Plaza East, Newark, NJ, 07105. Horizon is a managed care company consisting of several healthcare plans providing healthcare coverage to its subscribers for both "in-plan" and "out-of-network" medical services.

6. Plaintiff received a written Assignment of Benefits agreement from J.E. and P.E. a, the aforementioned Horizon/Maquet subscriber, which transferred their contractual and legal rights under the policy of group health issued by Horizon/Maquet to Plaintiff. Thus, Plaintiff has standing to bring a civil action against Horizon/Maquet. Plaintiffs make specific reference to the Assignment of Benefits as if set forth at length herein. Specifically, Plaintiffs were authorized by to file claims to the insurance carrier, file suit and enter legal actions as part of the signed Assignments of Benefits.

## SUBSTANTIVE ALLEGATIONS

7. Horizon/Maquet operates, controls and/or administers managed healthcare

insurance plans providing health and medical coverage to its members and dependents. At all relevant times, Horizon/Maquet provided certain members and/or their dependents with "out-of-network" benefits, enabling these individuals to gain access to the physicians (providers) of their choice, rather than limiting access only to "in-plan" physicians as would be true with a health maintenance organization plan.

8. Specifically, in this case, the Plaintiff provided the treating doctors and facility, a high-level ambulatory surgery center, for the medical procedures administered to J.E. & P.E. It is not disputed that all of the surgical procedures performed were "medically necessary" and were approved by Horizon/Maquet.

9. The usual and customary fee, often referred to as the "reasonable and customary" fee, is defined, or is reasonably interpreted to mean, the amount that providers, like the Plaintiffs, normally charge to their patients in the free market, i.e. without an agreement with an insurance company to reduce such a charge in exchange for obtaining access to the insurance company's subscribers. Moreover, the UCR fee means the usual charge for a particular service by providers in the same geographic area with similar training and experience.

10. In each instance, prior to MSC rendering services, Horizon/Maquet agreed to directly compensate Plaintiff their UCR fee for the services provided. Consequently, in each instance, Plaintiff reasonably believed and relied upon Horizon/Maquet's express or implied representations that Plaintiff would be paid the UCR fee on that basis agreed to render the services.

11. Plaintiff submitted a bill to Defendant, Horizon/Maquet, on behalf of J.E. based on

Massood & Bronsnick, LLC
Attorneys at Law

the reasonable and customary charges for its services, in the total amount of $20,850.00 for dates of service 7/8/10 and 7/22/10. Horizon and/or Maquet approved a total allowed amount of $1,786.00 and issued a total payment to Plaintiff in the amount of $1,786.00. Horizon issued an Explanation of Benefits ("EOB") that the remaining balance of $19,064.00 was not allowed.

12. Plaintiff submitted a bill to Defendant, Horizon/Maquet, on behalf of P.E. based on the reasonable and customary charges for its services, in the total amount of $68,420.00 for dates of service 7/8/10, 7/29/10, 8/12/10 and 8/30/10. Horizon and/or Maquet approved a total allowed amount of $5,356.00 and issued a total payment to Plaintiff in the amount of $5,070.50. Horizon issued an Explanation of Benefits ("EOB") that P.E. was responsible for $286.50 and that the remaining balance of $63,064.00 was not allowed.

13. Based on the foregoing we hereby demand payment in the amount of $82,128.00.

14. Plaintiff submitted appeals for reconsideration of the claim, and for further payment. Defendants failed to provide a timely and appropriate response to the appeal because they failed to provide a copy of the Summary Plan Description in a timely manner, they failed to give a detailed explanation as to how they determined the approved amount for payment on the dates of service at issue, and they failed to properly process the claims for payment. Furthermore, Defendant failed to properly advise Plaintiff about the appeal process and therefore, Defendant did not properly consider payment on appeal.

15. Defendants have not issued any further payments to Plaintiff.

16. By and through this lawsuit, Plaintiff now seeks damages, due to Defendant's

Massood & Bronsnick, LLC
Attorneys at Law

actions that have resulted in Plaintiff not receiving payment for the significant medical services rendered.

## FIRST COUNT
### (Violation of ERISA)

17. Plaintiff repeats and re-alleges all prior allegations as though fully set forth herein.

18. This Count arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1101 et seq.

19. The Patients' plans, under which Patients are entitled to health insurance coverage under ERISA, are administered and operated by Horizon/Maquet and/or Horizon/Maquet's designated third-party administrator and/or agent under ERISA.

20. Horizon/Maquet is the administrator and fiduciary in relation to the matters set forth herein because, *inter alia*, they exercise discretionary authority and/or discretionary control with respect to management of the plans under which Patients are entitled to benefits as assigned to Plaintiff.

21. Horizon/Maquet is a fiduciary in relation to the matters set forth herein, by virtue of its exercise of authority and/or control and/or function control respecting the management and disposition of assets of the plans and/or by exercising discretionary authority and/or discretionary responsibility and/or functional authority in the administration of the Patients' plans.

22. Horizon/Maquet's fiduciary functions include, *inter alia*, preparation and submission of explanation of benefits, determinations as to claims for benefits and

coverage decisions, oral and written communications with Plaintiff concerning benefits to Patients under the plans, and coverage, handling, management, review, decision-making and disposition of appeals and grievances under the Patients' plans.

23. MSC received assignment of benefits from J.E. and P.E. which had "out of network" benefits for surgery under their plan or insurance agreement with or administered by Horizon/Maquet through which J.E. and P.E. assigned to MSC, *inter alia*, the individual Patients' right to receive payment directly from Horizon/Maquet for the services that the patient received from MSC.

24. The Assignment of Benefits that MSC received from J.E. and P.E. confers upon MSC's status of "beneficiary" under § 502 (a) of ERISA, 29 USC § 1132(a)(1)(B) and § 1102(8) et seq.

25. As a beneficiary under § 502 (a) of ERISA, 29 USC § 1132(a)(1)(B), MSC is entitled to recover benefits due (and/or other benefits due to the Patient), and to enforce the rights of the Patient (and/or the rights of the Patient) under ERISA law and/or the terms of the applicable plans/policies.

26. MSC has sought payment of benefits under the applicable Patients' plans and Horizon/Maquet has refused to make payment to MSC for the medical services rendered to the J.E. and P.E.

27. The denial of J.E. and P.E.'s claims are unsupported by substantial evidence, erroneous as a matter of law, not made in good faith, is arbitrary and capricious and is in violation of ERISA.

28. The form and basis of the denial of the J.E. and P.E.'s claims are insufficient and

Massood & Bronsnick, LLC
Attorneys at Law

not in compliance with ERISA.

29. MSC is entitled to recover the reasonable attorneys' fees and costs of action pursuant to 29 USC § 1132(g), et seq. and other provisions of ERISA, as applicable.

30. There is no basis for the claims not being paid when the reasonable and customary charge is the standard.

WHEREFORE, Plaintiffs request judgment against Defendant for:

a) Compensatory damages;

b) Interest;

c) Costs of suit;

d) Attorney's fees; and

e) Such other relief as the Court deems equitable and just.

## SECOND COUNT
### (ERISA-Breach of Fiduciary Duty)

31. Plaintiff repeats and re-alleges all prior allegations as though fully set forth herein.

32. Horizon/Maquet has an obligation to supply all documents used in making any claims determination.

33. Horizon/Maquet has an obligation to explain its determination regarding the denial of claims.

34. Horizon/Maquet has a duty to provide MSC a full and fair hearing on the claims determination.

35. Horizon/Maquet is a fiduciary under ERISA.

36. Horizon/Maquet's determinations of all claims without any (or even substantial) explanation were arbitrary and capricious as well as being in violation of ERISA.

37. Horizon/Maquet violated its fiduciary duty to the J.E. and P.E. and MSC as assignee of J.E. and P.E.

WHEREFORE, Plaintiffs requests judgment against Defendants for:

a) Compensatory damages;

b) Interest;

c) Costs of suit;

d) Attorney's fees; and

e) Such other relief as the Court deems equitable and just.

## THIRD COUNT
### (Negligent Misrepresentation)

38. Plaintiff repeats and re-alleges all prior allegations as though fully set forth herein.

39. Despite its confirmation of benefits for medically necessary services prior to MSC's rendering of the services, Defendants negligently refused to pay the subject claims appropriately. Because of Defendants' negligent misrepresentation, MSC was paid less than the reasonable and customary rates.

40. Defendants' negligent misrepresentation of medical coverage for services rendered at a reasonable and customary payment was unknown to MSC at the time it agreed to perform the medical services for the subscribers and/or their dependents. Plaintiff reasonably expected and relied upon what it believed to be Defendants' honest representations that the Plaintiff would be properly compensated in accordance with the medical coverage plan presented prior to the

medical services being performed.

41. Defendants provided responses to Plaintiff's request for payment and in response to Plaintiff's appeals for payment. However, Defendants negligently misrepresented information in responding to the claims and appeals to Plaintiff's detriment. Furthermore, Defendants failed to provide a response regarding the appropriate method and/or process to submit claims for payment and appeals.

42. MSC's reliance on these representations was to its substantial detriment and as a result the Plaintiff suffered significant monetary damages.

43. By virtue of the foregoing, Defendants have committed negligent misrepresentation.

44. MSC has suffered significant damages as a result.

WHEREFORE, Plaintiff requests judgment against Defendants for:

a) Compensatory damages;

b) Interest;

c) Costs of suit;

d) Attorney's fees; and

e) Such other relief as the Court deems equitable and just.

## FOURTH COUNT

45. Plaintiff repeats and re-alleges all prior allegations as though fully set forth herein.

46. On or about the aforementioned dates and place, Defendants, ABC Corporations 1 through 10, were parties responsible for the payments of Plaintiff's reasonable and customary fees.

Massood & Bronsnick, LLC
Attorneys at Law

WHEREFORE, Plaintiff requests judgment against Defendants for:

a) Compensatory damages;

b) Interest;

c) Costs of suit;

d) Attorney's fees; and

e) Such other relief as the Court deems equitable and just.

### DESIGNATION OF TRIAL COUNSEL

The undersigned hereby designates Andrew R. Bronsnick, Esq. as trial counsel for the within matter.

> MASSOOD & BRONSNICK, LLC
> Attorneys for Plaintiff
>
> BY: _____
> ANDREW R. BRONSNICK, ESQ.

### JURY DEMAND

The undersigned hereby demands a trial by jury to all issues.

## CERTIFICATION PURSUANT TO R. 4:5-1

The undersigned hereby certifies that the matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, and no other action or arbitration proceeding is contemplated. There are no other known parties who should be joined to this action.

                                      MASSOOD & BRONSNICK, LLC
                                      Attorneys for Plaintiff

                                      _____
                                      ANDREW R. BRONSNICK, ESQ.

Dated:  January 4, 2013
w:\wp51\majormed\montvale surgical center\espinosa\jenny & pedro\proposed amended complaint 12.11.12.docx