**FOX ROTHSCHILD LLP**
100 Park Avenue, Suite 1500
New York, New York 10017
(212) 878-7900
Fax: (212) 692-0940
Attorneys for Defendant Maquet, Inc.

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MONTVALE SURGICAL CENTER, LLC<br><br>Plaintiffs,<br><br>-v.-<br><br>HORIZON BLUE CROSS BLUE SHIELD<br>OF NEW JERSEY and MAQUET, INC.,<br><br>Defendants. | Case No.: 12-cv-2374(WJM)(mf)<br><br><br><br><br>**ANSWER OF DEFENDANT**<br>**MAQUET, INC. TO FIRST**<br>**<u>AMENDED COMPLAINT</u>** |

NOW COMES Defendant Maquet, Inc. (hereinafter "Maquet"), by and through Counsel and pursuant to the Federal Rules of civil Procedure and the local rule of this Court, and files the within as its Answer to the Plaintiff's First Amended Complaint (hereinafter the "Complaint") with affirmative defenses:

<u>As to the Parties</u>

1. Maquet admits the allegations of paragraph 1 of the Complaint to the extent Plaintiff is an out-of-network provider, but denies for want of knowledge the remaining allegations of paragraph 1 of the Complaint.

2. Maquet admits the allegations of paragraph 2 of the Complaint.

3. Maquet admits the allegations of paragraph 3 of the Complaint.

4. Maquet admits the allegations of paragraph 4 of the Complaint to the extent that they are participants in the health plan sponsored by Maquet, but otherwise denies the allegation that the coverage is "group health insurance."

5. Maquet denies for want of knowledge the allegations of paragraph 5 of the Complaint.

6. Maquet denies for want of knowledge the factual allegations of paragraph 6 of the Complaint, and otherwise denies the legal conclusion contained therein.

### As to the Substantive Allegations

7. Maquet denies the allegations of paragraph 7 of the Complaint.

8. Maquet denies the allegations of paragraph 8 of the Complaint.

9. Maquet denies for want of knowledge the allegations of paragraph 9 of the Complaint.

10. Maquet denies the allegations of paragraph 10 of the Complaint.

11. Maquet admits the allegations of paragraph 11 of the Complaint to the extent payment was made in the amounts stated, but otherwise denies that characterizations of the services provided by Plaintiff.

12. Maquet admits the allegations of paragraph 12 of the Complaint to the extent payment was made in the amounts stated, but otherwise denies the characterizations of the services provided by Plaintiff.

13. Maquet denies the allegations of paragraph 13 of the Complaint.

14. Maquet denies the allegations of paragraph 14 of the Complaint.

15. Maquet admits the allegations of paragraph 15 of the Complaint.

NY1 624529v1 01/07/13

16. In response to paragraph 15 of the Complaint, Maquet denies any liability to the Plaintiff.

## As to the First Count of the Complaint

17. In response to paragraph 17 of the Complaint, Maquet avers or denies the allegations as more fully set forth above.

18. Maquet admits the allegations of paragraph 18 of the Complaint as an accurate statement of law, but otherwise denies any liability to the Plaintiff.

19. Maquet admits the allegations of paragraph 19 of the Complaint with respect to the status of the plan, but otherwise denies any liability to the Plaintiff, or any entitlement to additional benefits.

20. Maquet admits the allegations of paragraph 20 of the Complaint.

21. Maquet admits the allegations of paragraph 21 of the Complaint.

22. Maquet admits the allegations of paragraph 22 of the Complaint.

23. Maquet denies for want of knowledge the allegations of paragraph 23 of the Complaint.

24. Maquet denies the allegations of paragraph 24 of the Complaint as a legal conclusion subject to determination by this Court.

25. Maquet denies the allegations of paragraph 25 of the Complaint as a legal conclusion subject to determination by this Court.

26. Maquet denies the allegations of paragraph 26 of the Complaint.

27. Maquet denies the allegations of paragraph 27 of the Complaint.

28. Maquet denies the allegations of paragraph 28 of the Complaint.

29. Maquet denies the allegations of paragraph 29 of the Complaint.

NY1 624529v1 01/07/13

30. Maquet denies the allegations of paragraph 30 of the Complaint.

### As to the Second Count of the Complaint

31-37. In response to paragraphs 31 through 37 of the Complaint, Maquet has moved to dismiss this Count in its entirety.

### As to the Third Count of the Complaint

38-44. In response to paragraphs 38 through 44 of the Complaint, Maquet has moved to dismiss this Count in its entirety.

### As to the Fourth Count of the Complaint

45. In response to paragraph 45 of the Complaint, Maquet avers or denies the allegations as more fully set forth above.

46. Maquet denies for want of knowledge the allegations of paragraph 46 of the Complaint.

### Affirmative Defenses

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. Some or all of Plaintiff's claims are barred by the doctrine of Preemption, including, but not limited, preemption under ERISA.

3. Plaintiff's claims are barred by Plaintiff's failure to exhaust administrative remedies.

4. Plaintiff's claims are barred by Accord and Satisfaction.

5. Some or all of Plaintiff's damages are as a result of the Plaintiff's own failures, actions, inactions and/or omissions.

6. Plaintiff's claims are barred, in whole or in part, by the doctrine of Estoppel.

7.  Maquet reserves the right to amend, revise and supplement these Affirmative Defenses as additional facts are revealed through discovery.

WHEREFORE, having fully responded to Plaintiff's Complaint, Maquet prays that this Court dismiss the claims against it, with prejudice, and for any other such relief as deemed just and equitable by this Court.

Dated: January 18, 2013  
New York, New York

Respectfully submitted,  
FOX ROTHSCHILD, LLP

By: _____  
Keith R. McMurdy  
100 Park Avenue, 15th Floor  
New York, New York 10017  
(212) 878-7900  
Fax: (212) 692-0940  
kmcmurdy@foxrothschild.com

5

## CERTIFICATE OF SERVICE

A true and accurate copy of the Answer of Defendant Maquet, Inc., was served upon all parties on this the **18** day of January, 2013, utilizing the electronic filing system of the Clerk of Courts of the United States District Court for the District of New Jersey.

I do so certify.

_____
Keith R. McMurdy

NY1 624529v1 01/07/13