FOX ROTHSCHILD LLP
100 Park Avenue, Suite 1500
New York, New York 10017
(212) 878-7900
Fax: (212) 692-0940
Attorneys for Defendant Maquet, Inc.

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MONTVALE SURGICAL CENTER, LLC<br><br>Plaintiffs,<br><br>-v.-<br><br>HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY and MAQUET, INC.,<br><br>Defendants. | Case No.: 12-cv-2374(WJM)(mf) |

# BRIEF IN SUPPORT OF MOTION TO DISMISS

On Brief:

Keith R. McMurdy
Fox Rothschild, LLP
100 Park Avenue, 15th Floor
New York, New York 10017
(212) 878-7900
Fax: (212) 692-0940
kmcmurdy@foxrothschild.com

*Attorneys for Defendant Maquet, Inc.*

NY1 624734v1 01/09/13

**PRELIMINARY STATEMENT**

Defendant Maquet, Inc., (hereinafter "Maquet") submits this Memorandum of Law in support of its Motion to Dismiss Counts II and III of the Plaintiff's First Amended Complaint as filed. In Count II, Plaintiff has alleged that Maquet is liable for an alleged breach of fiduciary duty. In the Count III, Plaintiff alleges a common law claim of misrepresentation. Plaintiff has alleged that Maquet has breached a fiduciary duty and should thus be held liable under the provisions of The Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §1001, *et seq*.

Plaintiff bases its claim on an allegation that Maquet breached a fiduciary duty associated with the administration of a self-funded health plan. Specifically, Plaintiff alleges that Maquet breached a fiduciary duty either in failing to provide benefits, or in failing to properly administer a claim for benefits. For the reasons set forth below, the Plaintiff has failed to assert claims in Counts II and III of the First Amended Complaint upon which relief can be granted and those claims must be dismissed.

**LAW AND ARGUMENT**

A.  **The Standard of Review for Motions to Dismiss**

A motion to dismiss pursuant to Rule 12(b)(6) may be granted only if, "accepting all well-pleaded allegations in the complaint as true, and viewing them in a light most favorably to plaintiff, plaintiff is not entitled to relief." Maio v. Aetna, 221 F.3d 472, 481-482 (3d Cir. 2000). However, while the standard of review requires an acceptance of all allegations as true, the court "need not accept as true 'unsupported conclusions and unwarranted inferences.'" City of Pittsburgh v. West Penn Power Co., 147 F.3d 256, 263 n. 13 (3d Cir. 1998). Courts have an obligation in matters before them to "view the complaint as a whole and to base rulings not upon

1

the presence of mere words but, rather, upon the presence of a factual situation which is or is not justicable." *Id* at 263.

In the instant action, the allegations made by the Plaintiff do not support a justicable claim upon which relief can be granted because they are preempted by the specific structural application of ERISA. To the extent ERISA expressly dictates the limitations on actions that can and cannot be pursued against a fiduciary, Plaintiff is limited to that available relief. Counts II and III of the Amended Complaint exceed those limitations and must therefore be rejected.

**B.     The Breach of Fiduciary Duty Claim in Count II is Not Permissible Under ERISA**

In Count I of Plaintiff's First Amended Complaint, it asserts that it is entitled to recovery of additional benefit payments under the terms of the Maquet plan. Plaintiff expressly asserts a claim under 29 U.S.C §1132(a)(1)(B) (Complaint, paras. 24 and 25). In Count II of the Amended Complaint, Plaintiff asserts that the defendants are liable for breaches of fiduciary duty, either through failing to provide documentation or failing to properly administer the terms of the plan.

Despite Plaintiff's attempts to suggest one, there is no general claim that exists for "breach of fiduciary duty" under ERISA by declining to cite what specific statutory provision Count II of its Complaint is brought on. This is because of the actual limitations placed by the law on claims for breach of fiduciary duty. 29 U.S.C. §1132(a)(2) and (a)(3) establish the limitations for pursuing a claim for breach of fiduciary duty. 29 U.S.C. §1132(a)(2) permits a claim for relief under 29 U.S.C. §1109. 29 U.S.C. §1132(a)(3) provides for relief by permitting a participant or beneficiary to seek equitable relief for a fiduciary that violates the terms of ERISA. However, Plaintiff ignores the well settled law that "an ERISA plaintiff may bring a private action for breach of fiduciary duty **only** when no other remedy is available." Rhorer v.

2

Raythion Eng'rs & Constructors, Inc., 181 F.3d 634, 639 (5th Cir. 1999), *citing* Varity Corp. v. Howe, 516 U.S. 489, 510-516 (1996)(emphasis added).  Because Plaintiff has asserted a claim for benefits in Count I of the First Amended Complaint, it is not without remedy and, therefore, cannot obtain relief under the equitable remedy provisions of 29 U.S.C. §1132(a)(3).

Since Plaintiff cannot obtain the equitable relief under 29 U.S.C. §1132(a)(3), we must consider the possibility of relief under 29 U.S.C. §1132(a)(2).  Here, Plaintiff's claim fails as well because the relief available for a breach of fiduciary duty claims under 29 U.S.C. §1132(a)(2) cannot provide individual relief.  The United States Supreme Court has repeatedly held that no individual right of action exists under this section and that recovery for a fiduciary duty violation inures to the benefits of the plan as a whole. *See e.g.* Massachusetts Mutual Life Ins. Co. v. Russell, 473 U.S. 134, 139 (1985).  In *Russell*, the Supreme Court found that the text of ERISA makes it clear that "its draftsmen were primarily concerned with the possible misuse of plan assets, and with remedies that would protect the entire plan, rather than with the rights of an individual beneficiary." *Id.* at 142.  The Supreme Court further noted that this position is supported by the fact that §1132(a)(2) allows the Secretary of Labor to enforce terms of a plan because said inclusion "is indicative of Congress' intent that actions for breach of a fiduciary duty be brought in a representative capacity on behalf of the plan as a whole." *Id.,* n. 9.

The United States Court of Appeals for the Third Circuit adopted the rationale articulated in *Russell* concurrence, confirming that a plaintiff does not have an individual right of recovery for breach of fiduciary duty, but that such a right of recovery may exist under § 1132(a)(3)(B). Bixler v. Central Pennsylvania Teamsters Health & Welfare Fund, 12 F.3d 1292, 1298–99 (3d Cir. 1993).  Section 1132(a)(3)(B) authorizes a suit by a plaintiff to "obtain other appropriate equitable relief."  In discussing the availability of this section as an appropriate ground for an

3

individual cause of action, the *Bixler* court noted that § 1132(a)(3)authorizes the award of "appropriate equitable relief" directly to a participant or beneficiary to "redress" any "act or practice which violates any provisions of this title" including breach of the statutorily created fiduciary duty of an administrator. 12 F.3d at 1298.

While it is true that § 1132(a)(3) provides for an individual right of recovery, said statute does not aid plaintiff, however, because it only allows an individual to receive equitable relief. Mertens v. Hewitt Assocs., 113 S.Ct. 2063 (1993). Plaintiff does not seek equitable relief. Plaintiff seeks the payment of monies. Such a request in relief is not equitable relief. For example, the plaintiff in Lee v. Burkhart sought reimbursement for medical expenses and the court held there that such relief was appropriately labeled monetary damages and not equitable relief. 991 F.2d 1004, 1011–12 (2d Cir. 1993). By labeling such relief as in actuality a request for monetary damages, the court noted that "[m]oney damages are generally unavailable under this section 1132(a)(3). The plain language of the statute does not provide for monetary relief and a review of the legislative history confirms that Congress did not contemplate that this phrase would include an award of monetary damages." *Id.* at 1011. Thus, although plaintiff may have an individual cause of action under § 1132(a)(3), said cause of action is limited to one seeking equitable relief.

While the Third Circuit has held that plan beneficiaries have a direct cause of action for breach of fiduciary duties under the "other appropriate equitable relief" clause of 29 U.S.C. § 1132(a)(3)(B), *Bixler, supra,* , it has not permitted beneficiaries to sue for monetary relief. Totoro v. H.A. De Hart & Son, Inc., 1994 WL 114562 (D.N.J.), *aff'd,* 39 F.3d 1171 (1994); *see also* Iwans v. Aetna Life Ins. Co., 855 F.Supp 579 (D.Conn. 1994); Harrow v. Prudential Insurance Company of America, 279 F.3d 244, 254 (3d Cir. 2002)("a claim for breach of

4

fiduciary duty is actually a claim for benefits where the resolution of the claim rests upon an interpretation and application of an ERISA-regulated plan rather than upon an interpretation and application of ERISA."). Because plaintiff cannot sue under § 1132(a)(2) because there is no individual cause of action for a breach of fiduciary duties, and § 1132(a)(3) does not allow such a suit for damages, plaintiff's claim for breach of fiduciary duty is precluded.

Because Plaintiff is seeking payment of monetary damages, and has asserted a claim for benefits under Section 1132(a)(1)(B), Plaintiff is precluded from bring a claim for breach of fiduciary duty under ERISA. Plaintiff seeks individual remedies and not one that benefits the plan as a whole. Moreover, the remedy sight is an actual payment not equitable relief. Therefore, Count II of the Amended Complaint in which plaintiff is suing for breach of fiduciary duty as an individual is not cognizable as a matter of law and should be dismissed.

C.  **Counts III is Preempted by ERISA**

In Count Three of Plaintiff's Amended Complaint, Plaintiff asserts a claim based on negligent misrepresentation. However, Plaintiff has already plead the existence of an ERISA benefit plan, which necessarily means that Plaintiff's state law claim for negligent misrepresentation is preempted by ERISA.

The preemption clause of ERISA, § 514(a), 29 U.S.C. § 1144(a) provides that ERISA supersedes all state laws insofar as they relate to an employee benefit plan. In Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987), the Supreme Court determined that the phrase "relate to" should be given a broad common-sense meaning. *Id.* at 47, 107 S.Ct. at 1553. "A state law 'relate[s] to' a benefit plan 'in the normal sense of the phrase, if it has a connection with or reference to such a plan.' " *Id.* (quoting Metropolitan Life Ins. Co. v. Massachusetts, 471 U.S. 724, 739, 105 S.Ct. 2380, 2389, 85 L.Ed.2d 728 (1985)).  ERISA

5

preempts a state law claim for negligent misrepresentation that relate to an ERISA benefit plan. Bernatowicz v. Colgate-Palmolive, 785 F.Supp 488, 493 (D.N.J. 1992).

In Zahl v. Cigna Corporation, 2010 WL 1372318 (D.N.J), the District Court considered a case remarkably similar to this one. Factually, the plaintiff medical provider sought payment for medical services rendered on behalf of plan participants alleging that Cigna negligently misrepresented the payment of the claims. The Court determined that Plaintiff's claim for negligent misrepresentation was preempted by ERISA. The Court stated that:

> "As one of ERISA's preemptive provisions states, "any and all state laws" that "relate to *any employee benefit plan"* are preempted. 2 U.S.C. § 1444(a) (emphasis added). Counts One (breach of contract), Three (misrepresentation), and Four (unjust enrichment) are state law causes of action involving Zahl's rights as a third party beneficiary of his patients' health care plan benefits. As such, the Court finds that irrespective of exactly what entity is the insurance company or underwriter, the insurance coverage alleged in the complaint relates to an "employee benefit." No amount of discovery can alter this fact. The state law claims fall under the umbrella of ERISA preemption, and Cigna's motion is granted as to Counts One, Three and Four."

Id. at Page 2-3.[1]

To the extent Count Three seeks an application of state law that would require payment of benefits, that claim is entirely preempted. The entire essence of Plaintiff's First Amended Complaint is encompassed in its first count where it seeks benefits under the terms of the plan. All of the remaining counts are singularly focused on why payments should be made. Therefore, they are completely preempted an only one claim can survive, the claim for benefits in Count One.

## CONCLUSION

For the foregoing reasons, Counts Two and Three of Plaintiff's First Amended Complaint fail to state a claim upon which relief can be granted. These Counts assert causes of action that

---

[1] The Zahl Court also determined that the breach of fiduciary duty claim could not survive because of the application of Section 1132(a)(3).

6

are either barred by the application of ERISA's specific remedies, or they are state law claims completely preempted by ERISA. Therefore, Maquet respectfully prays that this Court dismiss Counts Two and Three of Plaintiff's First Amended Complaint.

Respectfully submitted,<br>
**FOX ROTHSCHILD LLP**

By: /s/ Keith R. McMurdy

Keith R. McMurdy

100 Park Avenue, Suite 1500<br>
New York, New York 10017<br>
Telephone: (212) 878-7900<br>
Fax: (212) 692-0940<br>
E-mail: kmcmurdy@foxrothschild.com

*Attorneys for Defendant Maquet, Inc.*